**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KARRY G. BEARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-3360-CV-S-GAF** |
| | ) | |
| **JAMES E. CORBETT and** | ) | |
| **U.S. DEPARTMENT OF HEATH &** | ) | |
| **HUMAN SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Presently before the Court is Defendant U.S. Department of Heath & Human Services's ("DHHS") Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1).[1] (Doc. #6). DHHS argues the Court lacks subject matter jurisdiction to hear Plaintiff Karry G. Beard's ("Plaintiff") claims against it because Plaintiff has failed to plead any sufficient grounds for jurisdiction and has failed to exhaust available administrative remedies. *Id.* Plaintiff, in her response, argues the Court has jurisdiction to hear matters asserted against DHHS because the matters address only legal issues. (Doc. #14). However, Plaintiff acknowledges that she must pursue her claims against DHHS in an administrative action according to 42 U.S.C. § 1395ii[2] and requests the Court stay the case pending

---

[1]DHHS submitted evidence outside the pleadings, which, if considered by the Court, would render its Motion one for summary judgment. *See* Fed. R. Civ. P. 12(d). The Court excludes from evidence all documents and evidence submitted falling outside the pleadings. The Court considered only evidence encompassed by the pleadings and rules upon DHHS's Motion according to traditional Rule 12(b)(1) standards.

[2]Section 1395ii incorporates the provisions of 42 U.S.C. § 405(h) into the Medicare Act, 42 U.S.C. §§ 1395 *et seq.*, which, in relevant part, states, "No findings of fact or decision of the [Secretary of Health & Human Services] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary] or any officer or employee thereof shall be brought under section 1331 or 1346 of

final determination of her administrative claims.  (Doc. #14).

The Court agrees with DHHS and Plaintiff that Plaintiff's claims must be asserted in a proper administrative action.  Section 1395ii expressly precludes this Court's jurisdiction over Plaintiff's claims against DHHS.  Therefore, the Court lacks proper subject matter jurisdiction to hear Plaintiff's claims against DHHS.  Accordingly, it is

**ORDERED** that DHHS's Motion is **GRANTED**, and Plaintiff's claims against DHHS are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/ Gary A. Fenner_____
Gary A. Fenner, Judge
United States District Court

DATED:  **March 23, 2010**

---

title 28 to recover on any claim arising under this subchapter."